No. 82–5646. CHASSON v. PONTE ET AL. C. A. 1st Cir.; and

No. 82–5763. RIVERA v. COOMBE, SUPERINTENDENT, EASTERN NEW YORK CORRECTIONAL FACILITY. C. A. 2d Cir. Certiorari denied. Reported below: No. 82–5646, 692 F. 2d 745; No. 82–5763, 683 F. 2d 697.

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

In *Sandstrom* v. *Montana*, 442 U. S. 510 (1979), this Court held that a defendant's right to due process is violated when the trial judge, charging the jury on the issue of criminal intent, instructs the jury to presume that each person intends the natural consequences of his act. We left open the possibility that the impermissible effects of such a jury instruction might be "removed" by other instructions that are "rhetorically inconsistent with a conclusive or burden-shifting presumption." *Id.*, at 518–519, n. 7. In each of these cases the trial judge gave an instruction concerning intent that was improperly cast in the form of a mandatory presumption. In each case the Court of Appeals held that the improper instruction was cured by other instructions concerning intent, even though the additional instructions were *not* rhetorically inconsistent with the improper charge. I would grant certiorari in order to address this misinterpretation of this Court's decision in *Sandstrom*.

In No. 82–5763, petitioner Edwin Rivera was convicted in state court of first-degree manslaughter and misdemeanor possession of a weapon. The trial judge's instruction concerning intent began with the following statement: "I shall now define intent for you. A person is presumed to intend the natural consequence of his act." This statement is substantively identical to the instruction in *Sandstrom* which we held improper because "a reasonable juror could have given the presumption conclusive or persuasion-shifting effect." *Id.*, at 519. See *id.*, at 513. Accordingly, on collateral review the District Court granted a writ of habeas corpus. *Rivera* v. *Coombe*, 534 F. Supp. 980 (SDNY 1982).

The decision of the Court of Appeals for the Second Circuit reversing the District Court, 683 F. 2d 697 (1982), cannot be squared with our holding in *Sandstrom*. The Court of Appeals' conclusion that the charge as a whole was proper rested on the existence of later statements in the charge suggesting that the presumption is permissive, and on boilerplate language concerning the State's burden of proof and the jury's duty to consider all relevant evidence. Conspicuously absent from the lower court's opinion is the conclusion that any of these additional statements were rhetorically inconsistent with the impermissible mandatory-presumption language. The reason is clear: the additional instructions reasonably could have been understood by the jury in a manner entirely consistent with the improper mandatory presumption.[1]

---

[1] Indeed, the trial judge's further instructions reinforced the impermissible presumption:

"Under our law every person is presumed to intend the natural and inevitable consequences of his own voluntary acts and unless such acts were done under circumstances which would preclude the existence of such intent, the jury has a right to infer from the results produced, the intention to effect such result."

The jury reasonably could have interpreted this instruction as a mandatory rebuttable presumption which, like a mandatory conclusive presumption, violates due process. *Sandstrom* v. *Montana*, 442 U. S. 510, 519

The presence of some arguably permissive-presumption language in the judge's charge on intent merely created the "possibility that some jurors may have interpreted the challenged instruction as permissive." *Sandstrom,* 442 U. S., at 519. As in *Sandstrom,* this possibility did not entitle the court to "discount the [other] possibility that [Rivera's] jurors actually did proceed upon" an impermissible, mandatory presumption.[2] *Ibid.* Nor were the defective instructions cured by the presence of familiar language concerning the burden of proof and the duty to consider all evidence. As we explained in *Sandstrom,* general instructions such as these are "not rhetorically inconsistent with a conclusive or burden-shifting presumption." *Id.,* at 518, n. 7. Because there were no rhetorically inconsistent instructions that removed the effects of the impermissible mandatory-presumption instructions, the charge as a whole was defective and Rivera's conviction cannot stand.[3]

---

(1979). Even if the jury interpreted the latter portion of the instruction as describing only a permissive presumption it would not be rhetorically inconsistent with the earlier defective instructions. See *Rivera* v. *Coombe,* 534 F. Supp. 980, 991–993 (SDNY 1982). However it was interpreted, this additional instruction clearly did not remove the impermissible effects of the trial judge's initial instruction concerning intent.

[2] For example, the instruction that " 'intent may be inferred from all the circumstances of the case,' " 683 F. 2d 697, 701 (CA2 1982), did not preclude the jury from employing a mandatory presumption to find intent; nor is it inconsistent with such a reliance, since it could reasonably have been interpreted as permitting the jury to consider circumstantial (as opposed to direct) evidence as to Rivera's acts from which intent is automatically presumed. Similarly, the instruction that intent is a " 'question of fact,' " *ibid.,* is entirely consistent with a mandatory presumption of intent based on factual findings as to certain acts.

[3] The Court of Appeals found it significant that the jury acquitted Rivera of second-degree murder. *Id.,* at 702. However, this in no way precludes the possibility that some jurors may have employed the mandatory presumption to find that Rivera intended to cause serious physical injury, an element of the manslaughter conviction. See *id.,* at 704 (Oakes, J., dissenting). The Court of Appeals also suggested in passing that *Sandstrom* v. *Montana, supra,* should be limited to those situations where the only

For similar reasons, petitioner Chasson's conviction in No. 82–5646 must also be vacated. At Chasson's trial for first-degree murder, the state trial court instructed the jury that "[w]hen one does an unlawful act he is by law presumed to have intended to do it and to have intended its ordinary and natural consequences. . . ." This instruction is substantively identical to the instruction found impermissible in *Sandstrom.* In this case the trial judge also charged with respect to "deliberate premeditation" that the jury must find "the prior formation of a purpose to kill." The District Court denied Chasson's writ of habeas corpus, and the Court of Appeals for the First Circuit affirmed. The Court of Appeals held that *Sandstrom* was not violated because, in light of the charge on premeditation, the improper "'instruction by itself [did not] so infec[t] the entire trial that the resulting conviction violates due process,' *Cupp* v. *Naughten,* 414 U. S. 141 (1973); *Henderson* v. *Kibbe,* 431 U. S. 145, 154 (1977)."

The Court of Appeals' interpretation of *Sandstrom* is clearly improper. The additional instruction in this case was entirely consistent with the impermissible presumption of intent. Indeed, the jury reasonably could have applied the presumption to its finding of premeditation in the belief that when one does the unlawful act of killing he is "presumed" to have formed the prior purpose to kill. 442 U. S., at 525–526. I would grant certiorari to correct the misinterpretation of *Sandstrom.*

---

defense is intent. 683 F. 2d, at 700. Nothing in *Sandstrom* supports such a narrow reading of that decision.